◼ ALOYSIUS J. MATUSZAK, Respondent, v. CITY OF NEW YORK, Appellant, and GEROSA CRANE SERVICE Co., Respondent, et al., Defendant. CITY OF NEW YORK, Third-Party Plaintiff-Appellant, v. STERLING FOUNDATIONS, INC., Third-Party Defendant-Respondent.— In an action by an employee of Sterling Foundations, Inc., the general contractor of a construction project, to recover damages for personal injuries against *inter alia,* the City of New York, the owner of the land on which the construction was being made, the city served a third-party complaint for judgment over against Sterling Foundations, Inc., alleging that Sterling was actively negligent and that it had agreed to indemnify the city. The court dismissed the city's cross complaint against defendant-respondent, Gerosa Crane Service Co., and also dismissed the third-party complaint, and the jury rendered a verdict for $47,000 in favor of the employee against the city. The city appeals, as limited by its brief, from so much of a resettled judgment entered thereon as is in favor of the plaintiff-respondent against it and as dismisses the third-party complaint. Judgment insofar as appealed from reversed, and a new trial granted as between plaintiff-respondent and defendant-appellant and the third-party plaintiff-appellant and the third-party defendant-respondent, with costs to abide the event. The plaintiff-respondent was an employee of Sterling, the general contractor on a construction project for the installation of a pumping room in the subway system formerly operated by appellant. Plaintiff-respondent claimed that appellant's representative directed him to cut a beam at a place inside a barricade, erected on appellant's land, in order to shield the work from the public throughfare while the work was progressing. This place, it was further claimed, was adjacent to an upright clamshell bucket resting on its bottom inside the barricade with its cables attached to a crane outside the barricade. The proof in part showed that as plaintiff-respondent was cutting the beam, the bucket tumbled over and crushed him, inflicting the injuries complained of. The crane operator, a fellow servant, testified that as the said respondent was at work the crane was in the process of being swung over the barricade at Sterling's direction and that in the process the cable was shortened, which caused the bucket to tip over. In our opinion, it was proper, under the circumstances of this case, for the learned Trial Justice to submit to the jury the issues as to whether appellant's representative had the authority to make the direction claimed to have been given, as to whether. such direction

amounted to an assumption of control over the plaintiff-respondent's work, and whether such representative gave him specific instructions which involved his safety (*Broderick* v. *Cauldwell-Wingate Co.*, 301 N. Y. 182). However, as requested by appellant's trial counsel, the jury should have been further instructed that before appellant could be cast in damages it had to be chargeable with notice, actual or constructive, that the bucket was in a dangerous position when appellant's representative gave the alleged direction. In the absence of proof that appellant assumed control over the work or that appellant gave plaintiff-respondent an assurance of safety, the jury should have been instructed that appellant, whether considered as owner or as general contractor, would be exempt from liability because then the accident would have to be deemed to have occurred through the neglect of plaintiff-respondent's employer or that of a fellow servant, without culpable fault on appellant's part (*Zucchelli* v. *City Constr. Co.*, 4 N Y 2d 52, 56; *Olsommer* v. *Walker & Sons*, 4 A D 2d 424, 433, affd. 4 N Y 2d 793; *Steeley* v. *City of New York*, 4 A D 2d 792, affd. 4 N Y 2d 736; *Thibault* v. *City of New York*, 6 A D 2d 904, affd. 6 N Y 2d 759; *Naso* v. *La Fata*, 4 N Y 2d 585; *Rauch* v. *Jones*, 4 N Y 2d 592). In our opinion, plaintiff-respondent's present argument that the jury, on considering the circumstantial evidence, could have arrived at the conclusion that appellant was chargeable with knowledge of the dangerous location of the bucket, is unavailing because no instructions were given to the jury defining the perimeter of inferences to be drawn from such proof. If plaintiff-respondent relied upon such evidence, it was necessary that the jury be told how such proof was to be evaluated (cf. *Manley* v. *New York Tel. Co.*, 303 N. Y. 18, 25–26; *Woloszynowski* v. *New York Cent. R. R. Co.*, 254 N. Y. 206, 208–209). The jury had to be advised further that the mere giving of direction to do the work at the place where plaintiff-respondent was later injured would not in and of itself spell out a breach of the appellant's duty to furnish a safe place to work, and that appellant was responsible only if plaintiff-respondent's accident was a reasonably foreseeable event which could have occurred without some other factor intervening which was the proximate cause of the injury (*Italiano* v. *Jeffrey Garden Apts. Section II*, 3 A D 2d 677, 678, affd. 3 N Y 2d 977). The failure to instruct the jury as to all these vital elements requires a new trial, in the interests of justice, between plaintiff-respondent and appellant in the main action. In view of the necessity for a new trial in the main action, there should be a new trial between the parties in the third-party action. Nolan, P. J., Wenzel, Ughetta and Hallinan, JJ., concur; Beldock, J., concurs in the reversal of the judgment dismissing the third-party complaint but dissents from the granting of a new trial in the third-party action, from the reversal of the judgment in the main action and from the granting of a new trial in said main action, and votes to affirm the judgment in favor of plaintiff-respondent against defendant-appellant and to direct judgment in favor of the third-party plaintiff-appellant against the third-party defendant-respondent, with the following memorandum: Issues of fact were presented in the main action, and the jury, on conflicting evidence, duly resolved such issues. The proof adduced fairly supports the findings, implicit in the jury's verdict: (1) that the city's inspector instructed plaintiff-respondent to do the work of cutting and burning the massive steel beam at the place where the accident occurred, (2) that the inspector had the authority to give such instructions, (3) that the inspector knew or should have known that such place was dangerous because the crane operator had left in full view the bucket perched in a precarious position, and (4) that the bucket was actually caused to topple over upon plaintiff-respondent by reason of its precarious condition while the crane itself was at rest and while plaintiff-respondent was engaged in his assigned task, and not because of

the operation of the crane. On the basis of such findings plaintiff-respondent was entitled to the verdict in his favor as against the city, and the city, by reason of its indemnity agreement with Sterling, was entitled to judgment against it in the third-party action (cf. *Jordan* v. *City of New York,* 3 A D 2d 507, affd. 5 N Y 2d 723). There is no common-law rule or statute requiring a trial judge to give instructions to a jury in a civil case with respect to every legal proposition which may be pertinent to the issues; misdirection is error, but nondirection is not (*Haefeli* v. *Woodrich Eng. Co.,* 255 N. Y. 442, 445). Since there is no claim here of misdirection in the charge, there should be no reversal of the judgment on the ground of nondirection.